**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GEORGETOWN UNIVERSITY,<br>Nonparty Movant,<br>v.<br>JOHN CARFORA, *et al.*,<br>Respondents. | Case No. 26-mc-58 (TSC) |

**OPINION & ORDER**

This matter arises out of a long-running ERISA class action in the U.S. District Court for the Southern District of New York against the Teachers Insurance and Annuity Association of America ("TIAA"). The plaintiffs in that case—Respondents here—served a nonparty subpoena on Georgetown University, which moved this court to quash the subpoena or, in the alternative, for a protective order. *See* Georgetown's Mot., ECF No. 1. Because the Southern District of New York is better positioned to rule on Georgetown's Motion and in order to avoid disruption to the underlying litigation, this court will GRANT Respondents' Motion to Transfer, ECF No. 5, and transfer Georgetown's Motion to the Southern District of New York.

## I. BACKGROUND

In October 2021, Respondents filed the underlying litigation in the Southern District of New York, alleging that TIAA breached its fiduciary duty by engaging in cross selling to induce retirement plan participants to move their assets from their employer-sponsored ERISA plans to TIAA's non-plan products. After several rounds of pleading, the court allowed claims relating to four TIAA plans to proceed, including a plan sponsored by Georgetown. PIRE and Dartmouth

College, two nonparties, both moved to quash deposition subpoenas served on them. *See* PIRE's Motion for Leave to File Motion to Quash Deposition Subpoena ("PIRE's Mot."), *Carfora v. Teachers Ins. & Annuity Ass'n of Am.*, No. 21-cv-08384 (S.D.N.Y. Apr. 7, 2026), ECF No. 242; Dartmouth's Motion to Quash ("Dartmouth's Mot."), *Carfora v. Teachers Ins. & Annuity Ass'n of Am.*, No. 21-cv-08384 (S.D.N.Y. Apr. 7, 2026), ECF No. 244. The court denied those motions. *See* Memorandum Endorsed Order ("Court Order"), *Carfora v. Teachers Ins. & Annuity Ass'n of Am.*, No. 21-cv-08384 (S.D.N.Y. Apr. 9, 2026), ECF No. 250.

In February 2025, Respondents served a document subpoena on nonparty Georgetown, in response to which Georgetown produced documents responsive to certain requests but notified Respondents that its search yielded no documents responsive to others. Georgetown's Mot. at 8–9. Almost a year later, Respondents sent Georgetown a Notice of Deposition with eight proposed topics. *Id.* at 9. The parties met and conferred several times but were unable to reach an agreement as to the scope of the deposition topics. *Id.* at 10. In April 2026, Respondents then served Georgetown with a deposition subpoena. *Id.* at 11. Georgetown moved this court to quash the subpoena or for a protective order in this court. Respondents have moved to transfer Georgetown's Motion to the Southern District as the issuing court.

## II. LEGAL STANDARD

A subpoena "must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). But a subpoena recipient may move to quash the subpoena in "the court for the district where compliance is required." *Id.* 45(d)(3)(A). Nevertheless, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer [the] motion . . . to the issuing court if . . . the court finds exceptional circumstances." *Id.* 45(f).

Rule 45(f) does not define "exceptional circumstances," but the Advisory Committee Notes "provide some guidance." *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 375 (D.D.C. 2017). They instruct that "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas," but transfer may still be appropriate "to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion." Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment.

Pursuant to this guidance, courts "weighing transfer under Rule 45(f) . . . carefully balance the interest of the nonparty in obtaining local resolution" of their motion "against the interest in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court." *In re Disposable Contact Lens*, 306 F. Supp. 3d at 375 (cleaned up). Several factors guide this analysis, including (1) whether failure to transfer will disrupt the underlying litigation; (2) whether the issuing court is better positioned to rule on the issues; and (3) whether transfer will impose an undue burden or cost on the nonparty that seeks to obtain local resolution of the issues. *Id.* at 375–76. "Courts have found exceptional circumstances warranting transfer . . . when transferring the matter is in the interests of judicial economy and avoiding inconsistent results." *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014) (cleaned up). When the underlying litigation has been pending for some time and the issuing court is familiar with the nature of the issues, the issuing court is likely better positioned to resolve the subpoena-related motion and transfer is likely to promote judicial economy and the efficient progress of the underlying litigation. *See In re Disposable Contact Lens*, 306 F. Supp. 3d at 376.

## III. ANALYSIS

Transfer is warranted here. To start, the Southern District of New York is better positioned to resolve Georgetown's Motion, and keeping this matter in this district may delay the underlying litigation and result in inconsistent results. During the four years the underlying litigation has been pending, the Southern District has "issued comprehensive case management orders," *In re Disposable Contact Lens*, 306 F. Supp. 3d at 379, "already supervised substantial discovery," *XY, LLC v. Trans Ova Genetics, L.C.*, 307 F.R.D. 10, 12 (D.D.C. 2014), and "issue[d] specific orders managing the scope of discovery and setting specific timelines," *In re Subpoena to Nat'l Acad. of Scis.*, 347 F.R.D. 45, 49 (D.D.C. 2024). The issuing court's "centralized" management of the underlying litigation across a significant period of years weighs in favor of transfer. *In re Disposable Contact Lens*, 306 F. Supp. 3d at 378; *Duck v. SEC*, 317 F.R.D. 321, 324–25 (D.D.C. 2016) (transferring when underlying litigation has been pending for over four years); *In re UBS Fin. Servs.*, 113 F. Supp. 3d at 288 (transferring when underlying litigation has been pending for approximately three and a half years); *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 35 (D.D.C. 2014) (transferring when underlying litigation has been pending for four years). Failure to transfer Georgetown's Motion would risk disrupting the issuing court's carefully managed oversight of the long-running underlying action.

While courts should not "assume[ ] that the issuing court is in a superior position to resolve subpoena-related motions," Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment, "courts favor transfer when the subpoena dispute implicates the underlying litigation and requires an understanding of the full scope of the underlying litigation to properly assess the need for subpoenaed documents," *In re Subpoena to Nat'l Acad. of Scis.*, 347 F.R.D. at 50.

Georgetown argues that "none of the Plaintiffs' theories of breach has any factual connection to Georgetown and so discovery into these matters will not yield information relevant to any claim in this case." Georgetown's Mot. at 16. This relevance analysis requires an understanding of the merits of the case. *See In re Braden*, 344 F. Supp. 3d 83, 93 (D.D.C. 2018); *see also Flynn*, 216 F. Supp. 3d at 47 (explaining that "the relevance argument advanced emphasizes the need for the [issuing court] to decide the matter" (cleaned up)); *In re Disposable Contact Lens*, 306 F. Supp. 3d at 381 (finding transfer proper where ruling on the subpoena-related dispute "would require an assessment of the relevance of the documents at issue"). And like the courts in *In re Braden*, *Flynn*, and *In re Disposable Contact Lens*, this court "has no familiarity with the underlying litigation" and is therefore "in a worse position relative to [the issuing court] [to] evaluat[e] the need for these [depositions] against the backdrop of the case." *In re Subpoena to Nat'l Acad. of Scis.*, 347 F.R.D. at 50. Instead, the issuing court is in a better position to evaluate relevance due to its full understanding of the underlying action. *See Lipman v. Antoon*, 284 F. Supp. 3d 8, 13 (D.D.C. 2018) ("The centrality of the relevance assessment weighs in favor of transfer because determining whether information is relevant requires 'nuanced legal analysis based on a full understanding of the Underlying Action.'" (quoting *Fed. Home Loan Mortg. Co. v. Deloitte & Touche, LLP*, 309 F.R.D. 41, 43 (D.D.C. 2015))).

The issuing court is also better positioned to analyze Georgetown's contention that the subpoena constitutes an improper fishing expedition because that analysis requires a close examination of the facts of the case and a comparison between the parties and nonparties. *See Lipman*, 284 F. Supp. 3d at 14 (finding transfer appropriate where Respondent contended the subpoena constituted a fishing expedition, as the issuing court was more familiar with the issues and parties in the underlying action and had presided over the case for four years).

Georgetown's citation to *FDIC v. Galan-Alvarez*, in which transfer was denied, is misplaced. No. 15–mc–00752, 2015 WL 5602342, at *5 (D.D.C. Sept. 4, 2015). "*Galan-Alvarez* stands for the proposition that when a motion to quash 'presents a legal question separate from the underlying litigation's merits, the issuing Court . . . is in no better position to decide it.'" *In re Subpoena to Nat'l Acad. of Scis.*, 347 F.R.D. at 51 (quoting *Galan-Alvarez*, 2015 WL 5602342, at *3). Here, the questions of relevance and whether the subpoena constitutes an improper fishing expedition are fact-bound and inherently tied to the underlying merits, rendering *Galan-Alvarez* inapposite. The issuing court is therefore better positioned to decide Georgetown's motion.

The issuing court, moreover, has already grappled with the issues presented in Georgetown's Motion, having denied two substantially similar nonparty motions to quash filed by Dartmouth and PIRE. *See* Court Order at 4. Between them, PIRE and Dartmouth raised overbreadth and burden objections as well as due process concerns, as did Georgetown. *Compare* PIRE's Mot. at 2 (arguing that "burden [of the subpoena] is magnified here, where . . . Plaintiffs cannot establish any predicate breach of fiduciary duty"), *and* Dartmouth's Mot. at 2–3, 3 n.3 (arguing that the subpoena is burdensome because Dartmouth would have to prepare its designee to "testify about approximately ten years of information" and problematic considering the "due process concerns" of subjecting nonparty Dartmouth to such burdens), *with* Georgetown's Mot. at 12, 18–21 (arguing that because Plaintiffs have no facts indicating Georgetown breached their fiduciary duties, there is "no basis to believe the information Georgetown possesses is relevant," the subpoena would inappropriately require them to "canvass years' worth" of materials "to prepare a single witness," and "Georgetown does not have the tools that any defendant would have to mount a defense"). By denying PIRE and Dartmouth's motions, the issuing court has "already

ruled on issues presented by [Georgetown's] motion," which weighs in favor of transfer. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment.

Georgetown argues that the time-sensitive nature of discovery due to an impending fact discovery deadline is not a concern for resolving its motion due to the issuing court's April 22, 2026, decision to stay that proceeding pending the Second Circuit's resolution of a partial appeal filed by Respondents. Georgetown's Opp'n at 7 (quoting *Flynn v. FCA US LLC*, 216 F. Supp. 3d 44, 48 (D.D.C. 2016)). But the Second Circuit has since resolved that appeal and the issuing court has lifted the stay. Thus, there is a risk that failure to transfer to the court better positioned to more efficiently decide Georgetown's Motion will delay the underlying litigation.

Turning to the complexity of the underlying litigation, the court acknowledges this breach of fiduciary duty matter presents fewer complexities than certain cases in which courts deemed transfer appropriate. *See, e.g.*, *In re UBS Fin. Servs.*, 113 F. Supp. 3d at 288 ("complex securities issues"); *XY, LLC v. Trans Ova Genetics, L.C.*, 307 F.R.D. at 11 ("complex patent infringement suit"); *In re Disposable Contact Lens*, 306 F. Supp. 3d at 374 (multi-district litigation). However, lack of complexity is not dispositive when other factors tip the balance in favor of transfer, as is the case here. *See Flynn*, 216 F. Supp. 3d at 47.

Critically, transfer would not place an undue burden or cost on Georgetown. The issuing court has already allowed and arranged for telephone conferences in this litigation, *see, e.g.*, *Carfora*, No. 21-cv-08384, at ECF Nos. 40, 97, 196, which minimizes the travel burdens that transfer might result in. Further, Georgetown is represented by sophisticated counsel who work at a major law firm with a large New York office and who have appeared in multiple ERISA cases in the Southern District and thus is familiar with both the action and the issuing court. *See, e.g.*, Order Granting Motion to Appear Pro Hac Vice, *Cunningham v. Cornell Univ.*, No. 16-cv-6525

(S.D.N.Y. Nov. 7, 2025), ECF No. 479; Order for Admission Pro Hac Vice, *Sacerdote v. N.Y. Univ.*, No. 16-cv-6284 (S.D.N.Y. Apr. 10, 2018), ECF No. 275. Finally, declining to transfer may itself impose a greater burden on Georgetown because this court might otherwise order supplemental briefing or a hearing to address any gaps in the court's understanding of the underlying case. *See In re Disposable Contact Lens*, 306 F. Supp. 3d at 381 (explaining that failure to transfer may itself impose a greater burden on the nonparty, who may be required to "submit supplemental briefing that addresses existing gaps in [the non-issuing] Court's understanding of the underlying [case]" or "appear at a hearing to present their arguments directly to [the non-issuing] Court").

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Georgetown's Motion to Quash or for a Protective Order is hereby **TRANSFERRED** to the United States District Court for the Southern District of New York.

It is **SO ORDERED.**

Date: July 31, 2026

Tanya S. Chutkan
TANYA S. CHUTKAN
United States District Judge